**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD HALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-cv-6436 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN, INCLUSIVE OF PREJUDGMENT INTEREST AND COSTS, AND FOR ATTORNEY'S FEES

Now comes the plaintiff, RONALD HALLEY, by and through his attorneys, Mark D. DeBofsky, Martina B. Sherman, and DeBofsky & Associates, P.C., and moves for entry of judgment in sum certain, pursuant to this Court's order dated September 30, 2015 (Docket Nos. 127 & 128) and Federal Rule of Civil Procedure 58(d), inclusive of prejudgment interest; and for attorney's fees and costs. In support of his motion, Plaintiff states as follows:

*Background*

1. On September 30, 2015, this Court entered judgment for the Plaintiff, Ronald Halley ("Plaintiff" or "Halley"), and ordered the Defendant, Aetna Life Insurance Company ("Defendant" or "Aetna") to pay the disability benefits due to him since February 1, 2013. Mem. Op. at 35; Docket No. 128. That order directed the parties to meet and confer to determine the amount of back payments owed in light of this Court's decision. *Id.*

*Meet and Confer Obligation*

2. On October 5, 2015, counsel for Plaintiff emailed counsel for Defendant to convey her calculation of the benefits due to date, as well as her calculation of prejudgment interest. (See Exhibit A, attached hereto).

3. On October 6, 2015, Plaintiff's counsel sent Defendant's counsel another email disclosing Plaintiff's time log and summary of costs, in accordance with Local Rule 54.3. (See Exhibit B, attached hereto).[1] In that email, Plaintiff's counsel indicated that she would be moving for entry of judgment in sum certain and requested confirmation of Plaintiff's calculations as to the amount of past-due benefits and prejudgment interest.

4. On October 8, 2015, counsel for Defendant sent an email in response stating: "We have received your emails and are in the process of reviewing same. We will respond to you under separate cover." (See Exhibit C, attached hereto).

5. On October 14, 2015, counsel for Plaintiff, Martina Sherman, left a voicemail for Defendant's attorney, Moyenda Knapp, indicating her intent to move for entry of judgment in sum certain the following day and requesting confirmation as to the amount of past-due benefits and prejudgment interest.

6. On October 15, 2015, counsel for Defendant, Moyenda Knapp, responded via email:

> In response to your email below and your telephone message, we propose a stay of briefing on the issue of attorney's fees and costs. As for the meet and confer requirement as to back benefits, the court ordered that to occur by October 29,

---

[1] Local Rule 54.3 specifies that within 21 days of the entry of judgment, the movant shall provide the respondent with the time log and hourly rates claimed for each lawyer, as well as a summary of non-taxable expenses. NDIL LR 54.3(d)(1)-(4). If, after 21 days, the parties have failed to reach agreement regarding the amount of the attorney's fees, the respondent shall disclose the total amount of attorney's fees paid by the respondent. Since Plaintiff furnished Defendant with his time log and bill of costs on October 6, 2015, the deadline for Aetna to concur with Plaintiff's time log or furnish its own time log is October 27, 2015.

2015, not October 15th. In any event, we do not agree to an entry of judgment. Nor did the court order the plaintiff to file a motion for entry of judgment by October 15th, as indicated in your telephone message.

(See Exhibit D, attached hereto).

7. On October 15, 2015, counsel for Plaintiff, Mark DeBofsky, responded via email that Plaintiff would not agree to stay the proceedings except to the extent required by NDIL Local Rule 54.3. (See Exhibit E, attached hereto). As of the time of this filing, Defendant had yet to confirm or deny Plaintiff's calculation of the past-due benefits in issue.

### *Benefit Calculation*

8. The Policy provides a monthly benefit of $7,427.90 per month (App. 32, 345).[2] However, because the Policy also coordinates benefits with Social Security disability payments, which Plaintiff has been awarded, the benefits are further reduced by $2,425.00/month, the amount of Social Security benefits paid to Plaintiff each month, leaving a net monthly benefit of $5,002.90. (App. 345).

9. According to Plaintiff's calculations, as of today's date, Aetna owes Halley $162,594.25 in past-due benefits for the period from February 1, 2013 through October 15, 2015 ($5,002.90 x 32 months, 15 days).[3]

---

[2] References to "App. ##" refer to the Appendix to Plaintiff's Proposed Findings of Fact and Conclusions of Law (Docket No. 108), which consists of the Bates-stamped claim file produced by Defendant during litigation.

[3] Because the Court has yet to rule on Plaintiff's motion for prejudgment interest, its September 30, 2015 order was not final and benefits have continued to accrue. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76 (1989) (a timely motion for prejudgment interest pursuant to Fed. R. Civ. P. 59(e) goes to the merits of a judgment, thus rendering the judgment non-final); *Student Loan Mktg. Ass'n v. Lipman*, 45 F.3d 173, 175 (7th Cir. 1995) (a judgment which fails to specify the amount of prejudgment interest is non-final unless merely a "ministerial" interest calculation remains).

*Prejudgment Interest*

10. Plaintiff also requests prejudgment interest on the past benefits due to him from September 9, 2013 onwards. The rule in this Circuit is that prejudgment interest is presumptively available in ERISA cases. *See Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 820 (7th Cir. 2002) (citing *Gorenstein Enters. v. Quality Care-USA*, 874 F.2d 431, 436 (7th Cir. Ill. 1989)). "Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Gorenstein*, 874 F.2d at 436. "Whether to award an ERISA plaintiff prejudgment interest is 'a question of fairness, lying within the [district] court's sound discretion, to be answered by balancing the equities.'" *Fritcher*, 301 F.3d at 820 (quoting *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 884 (7th Cir. 2000)). Numerous courts have awarded prejudgment interest in cases similar to this one. *See*, *e.g.*, *Cabernoch v. Union Labor Life Ins. Co.*, No. 06 C 1515, 2009 U.S. Dist. LEXIS 71793, at *7-8 (N.D. Ill. Aug. 14, 2009) (awarding prejudgment interest where plaintiff was wrongfully denied long term disability benefits); *Juszynski v. Life Ins. Co. of N. Am.*, No. 06 CV 5503, 2008 U.S. Dist. LEXIS 24928, at *45 (N.D. Ill. Mar. 28, 2008) (same); *Nickola v. CNA Group Life Assurance, Co.*, No. 03 C 8559, 2005 U.S. Dist. LEXIS 16219, at *47-48 (N.D. Ill. Aug. 5, 2005) (same); *Di Pietro v. Prudential Ins. Co. of Am.*, No. 03 C 1018, 2004 U.S. Dist. LEXIS 5004, at *32-33 (N.D. Ill. March 25, 2004) (same).

11. The district court has discretion over the method of calculating prejudgment interest. *Fritcher*, 301 F.3d at 820. Where there is no applicable statutory interest rate, the Seventh Circuit has suggested that courts use the prime rate for fixing prejudgment interest. *Gorenstein Enters. v. Quality Care-USA*, 874 F.2d 431, 436 (7th Cir. 1989). The federal prime rate has remained constant at 3.25% since 2008. *See*,

[http://www.fedprimerate.com/wall_street_journal_prime_rate_history.htm](http://www.fedprimerate.com/wall_street_journal_prime_rate_history.htm) (last visited Oct. 14, 2015).

12. Plaintiff also seeks compound interest. "Compound interest ought to be the norm in federal matters," absent special circumstances. *Amer. Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 938 (7th Cir. 2003) (emphasis in original). Plaintiff maintains that interest should be compounded monthly, since benefits were payable on a monthly basis. *See Cabernoch*, 2009 U.S. Dist. LEXIS 71793, *9-11 (ruling that prejudgment interest in an ERISA disability benefits dispute should be compounded monthly); *Juszynski*, 2008 U.S. Dist. LEXIS 24928, at *45 (same). As the *Cabernoch* court observed,

> Because monthly compounding of interest is standard on everything from mortgages to credit cards to car loans, such compounding is appropriate here. By compounding the interest at a lesser frequency, Defendants would be profiting from their wrong and Plaintiff would not be compensated fully for the lost value of her money in the marketplace.

2009 U.S. Dist. LEXIS 71793, *10-11. Similarly here, Aetna would be unjustly enriched if Plaintiff prejudgment interest compounded on a monthly basis. *See id.*

13. "The appropriate formula for compounding interest monthly is Principal + Interest = Current Principal x $(1 + r)^n$ where r is the interest rate at the time of compounding and n is the number of months." *Id.* Plaintiff filed the instant suit on September 9, 2013; as of October 9, 2015, 49 months had elapsed since the commencement of this litigation. (*See* Compl.; Docket No. 1).

14. The interest at each compounding time is 3.25% / 12 or 0.270833333 (0.00270833333 in decimal form). The calculation as of today is $162,594.25 x $(1 + 0.00270833333)^{49}$ = $185,635.82, and the prejudgment interest for this period is $23,041.57.

5

*Attorney's Fees*

15. Plaintiff seeks attorney's fees in accordance with 29 U.S.C. § 1132(g) and *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 254 (2010), in which the Supreme Court interpreted ERISA's fee shifting provision as allowing fees so long as an ERISA litigant has achieved "some degree of success on the merits," which in that case consisted of a remand to the plan administrator for further deliberations.

16. Following *Hardt*, the Seventh Circuit has maintained that the district court should continue to utilize the two tests developed prior to *Hardt* to guide its discretion in analyzing whether to award attorneys' fees in an ERISA case. *See Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011). The first test is the same five-factor test that the district court utilized in *Hardt*, 560 U.S. at 249, and which has been used widely in this Circuit. *See Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 n.9 (7th Cir. 1989) (citing cases). Those five factors are: "(1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Id.*

17. The second test, which is borrowed from the Equal Access to Justice Act, 28 U.S.C. § 2412(d), "looks to whether or not the losing party's position was 'substantially justified.'" *Kolbe & Kolbe Health & Welfare Benefit Plan*, 657 F.3d at 506 (quoting *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998)).[4] "[B]oth tests essentially ask the

---

[4] The continued use of the "substantial justification" test is questionable because of *Hardt,* which ruled that the ERISA fee-shifting statute (29 U.S.C. § 1132(g)) should be read as written and standards such as "prevailing party" should not be drawn from other statutes when courts consider fee awards under that provision. 560 U.S. at 254. As pointed out above, the "substantial justification" test derives from the

same question: 'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id.* (quoting *Quinn*, 161 F.3d at 478).

18.     Here, there is no question that Plaintiff has achieved "some degree of success on the merits;" indeed, he has achieved all that he could in this Court, obtaining not merely a remand order but a judgment entitling him to benefits. *See Hardt*, 560 U.S. at 254. Thus, the Court may, in its discretion, award attorney's fees to Halley.

19.     Moreover, the Court *should* award attorney's fees to Halley. Under either the five-factor test or the substantial justification test outlined above, it is clear that Aetna's position in this litigation was unjustified. Applying the five-factor test, the Court determined that Aetna did not comply with the policy requirements because even Aetna's own idependent examiner found that Halley could not meet the requirements of the jobs Aetna alleged he could perform. Mem. Op. at 30, 32; Docket No. 128. A plan's disregard of the opinion of its own consultant and its flagrant disregard of the policy requirements suggests arbitrary decision-making. *See Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 775 (7th Cir. 2010) ("MetLife's reliance on the opinions of its reviewing doctors here is all the more arbitrary in light of the fact that it ignored the key final recommendation of one of those doctors."); *Donovan v. Eaton Corp.,* 462 F.3d 321 (4th Cir. 2006) (faulting plan administrator for disregarding the opinion of its own doctor); *Jani v. Bert Bell/Pete Rozelle NFL Player Retirement Plan,* 209 Fed. Appx. 305 (4th Cir. 2006)(unpublished)(same). Thus, the first and fifth factors (the degree of the offending party's culpability or bad faith and the relative merits of the parties' positions, respectively) weigh in

---

Equal Access to Justice Act, 28 U.S.C. § 2412(d), an entirely different statute serving a different purpose than ERISA fee-shifting. Therefore, substantial justification should not even come into play, although the Supreme Court suggested that the five-factor test quoted above might still be utilized as a means of cabining a district court's discretion in awarding fees. *Id. See Young v. Verizon's Bell Atl. Cash Balance Plan*, 748 F. Supp. 2d 903, 914 (N.D. Ill. 2010) (questioning ongoing viability of "substantial justification" test).

favor of an award of attorney's fees. Likewise, in view of Aetna's non-compliance with its own policy and the financial impact of Aetna's actions on the Plaintiff, it cannot be said that Aetna's position was "substantially justified."

20. The second and third factors of the five-factor test also weigh in favor of an award of attorney's fees. Aetna is a Fortune 100 company and unquestionably has the resources to pay Halley's attorney's fees. *See Raybourne v. Cigna Life Ins. Co.*, 700 F.3d 1076, 1090 (7th Cir. 2012) (ruling that CIGNA, also a Fortune 100 company, was well-situated to pay the plaintiff's attorney's fees). Moreover, an award of attorney's fees would deter other plan administrators from disregarding the opinions of their medical consultants in analyzing a claimant's transferrable skills. *See id.* (ruling that third factor also weighed in favor of an award of fees "because other plan administrators would pay more heed to conflicts of interest and perhaps have an incentive to put in place procedures that would lessen the impact of such a conflict").

21. According to Plaintiff's calculations, attached hereto as Exhibit F, Plaintiff's attorney's fees as of today total $64,860.00. Plaintiff has initiated the process contemplated by Local Rule 54.3, but has not yet received a substantive reply from Defendant and is willing to defer a ruling on the amount of fees until that process can be completed. However, the Court may still enter a final judgment as to the benefits and prejudgment interest so that Plaintiff can either receive payment or Aetna can appeal without further delaying this matter.

### *Costs*

22. Additionally, Plaintiff requests that Aetna reimburse him for costs associated with this Litigation. A judge or clerk of any court of the United States may tax as costs the fees enumerated in 28 U.S.C. § 1920. Plaintiff has incurred $1,502.94 in costs during this Litigation. (A detailed bill of costs is attached hereto as Exhibit G).

*Conclusion*

WHEREFORE, Plaintiff moves for entry of judgment against the Defendant in the amount of $162,594.25, and for costs and prejudgment interest; and for attorney's fees and costs.

Dated: October 15, 2015                    Respectfully submitted,

/s/ Mark D. DeBofsky

_____

Mark D. DeBofsky
Attorney for Plaintiff
Ronald Halley

Mark D. DeBofsky
Martina B. Sherman
DeBofsky & Associates, P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Voice (312) 561-4040
Fax (312) 929-0309
mdebofsky@debofsky.com
msherman@debofsky.com

**CERTIFICATE OF SERVICE**

Mark D. DeBofsky, the undersigned attorney, certifies that he served a copy of the foregoing upon the Clerk of Court and all counsel of record by CM/ECF on October 15, 2015.

/s/ Mark D. DeBofsky

_____

Mark D. DeBofsky
One of Plaintiff's Attorneys