UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD HALLEY, | |
| Plaintiff, | Case No. 13 C 6436 |
| v. | |
| AETNA LIFE INSURANCE CO., | Judge John Robert Blakey |
| Defendant. | |

**MEMORANDUM OPINION AND FINAL JUDGMENT ORDER**

On September 30, 2015, this Court granted Plaintiff Ronald Halley's Rule 52 motion for judgment and denied Defendant Aetna Life Insurance Company's cross-motion [127] [128]. This Court's Memorandum Opinion and Order was published as: *Halley v. Aetna Life Insurance Co.*, ___ F. Supp. 3d ___, 2015 WL 5731853 (N.D. Ill. Sept. 30, 2015) (Dkt. 128). Having obtained a favorable determination of coverage, Plaintiff sought to be made whole. On October 15, 2015, Plaintiff moved [129] for four categories of damages: (1) past-due long-term disability benefits; (2) compounding prejudgment interest; (3) costs; and (4) attorney's fees. On December 1, 2015, this Court issued a Minute Order [145] granting in part and denying in part Plaintiff's motion for damages. This Court wrote in relevant part:

> This Court will grant in part, and deny in part, Plaintiff's motion for entry of judgment [129], and shall issue a full written order after review of the requested submissions by the parties referenced herein. Plaintiff will be awarded three categories of damages. First, Plaintiff will be awarded past-due long-term disability benefits from 2/1/13 to 12/1/15. Second, Plaintiff will be awarded compounding prejudgment interest from 2/1/13 to 12/1/15. This Court is also inclined to grant

Plaintiff's request for its copying and transcript costs, which total $427.79, subject to Plaintiff meeting and conferring with Defendant and substantiating the total number of pages copied and ordered, and the cost per page. This Court, exercising its discretion under 29 U.S.C. s 1132(g)(1), however, will decline to award Plaintiff his attorneys fees.

....

Pursuant to this Court's December 1, 2015 Minute Order, the parties met and conferred, and they reached an agreement over the amount of damages that should be awarded to Plaintiff. This Court now issues this Memorandum Opinion and Order to expound on the basis for its December 1, 2015 Minute Order.

**I.    Damages**

    **A.    Long-Term Disability Benefits**

This Court awarded Plaintiff his past-due long-term disability benefits from February 1, 2013 to December 1, 2015. As the parties agree, this Court's coverage determination entitles Plaintiff to these damages. The parties have agreed that the amount of these damages is $170,098.60.

    **B.    Prejudgment Interest**

This Court awarded Plaintiff compounding prejudgment interest from February 1, 2013 to December 1, 2015. In *Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 820 (7th Cir. 2002), the Seventh Circuit determined that prejudgment interest is "presumptively available" in ERISA cases to make the injured plaintiff whole. For the same reason, compound interest is the "norm" in federal matters. *American National Fire Insurance Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924, 937-38 (7th Cir. 2003); *see also Cabernoch v. Union Labor Life Insurance Co.*, No. 06-1515, 2009 WL 2497669, at *4 (N.D. Ill. Aug. 14, 2009) (awarding compounding

prejudgment interest in an ERISA case). The parties have agreed that the amount of compound prejudgment interest that should be awarded is $12,000.00.

**C.   Costs**

This Court, pursuant to 29 U.S.C. § 1132(g)(1), awards Plaintiff $400 for his filing fee. Plaintiff also sought $427.79 for his copying and transcript costs, and this Court instructed Plaintiff to meet and confer with Defendant to substantiate the total number of pages copied and ordered, and the cost per page. The parties have met and conferred, and they agree that Plaintiff should be awarded $427.79 for his copying and transcript costs. In total, this Court awards Plaintiff $827.79 for all costs.

**D.   Attorney's Fees**

This Court declined to award Plaintiff his attorney's fees under 29 U.S.C. § 1132(g)(1). There are two tests in the Seventh Circuit for analyzing whether attorney's fees should be awarded to a party in an ERISA case. *Kolbe Health & Welfare v. Medical College of Wisconsin*, 657 F.3d 496, 505-06 (7th Cir. 2011). The first test weighs five factors: (1) the losing party's culpability or bad faith; (2) the losing party's ability to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter others under similar circumstances; (4) the amount of benefit conferred on members of the ERISA pension plan as a whole; and (5) the relative merits of the parties' positions. *Kolbe Health & Welfare*, 657 F.3d at 505-06 (citing *Quinn v. Blue Cross & Blue Shield Association*, 161 F.3d 472, 478 (7th Cir. 1998), among other cases). The second test asks whether the losing party's position

was "substantially justified." *Kolbe Health & Welfare*, 657 F.3d at 506 (citing *Quinn*, 161 F.3d at 478, among other cases).

While framed differently, both tests essentially ask the same question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Kolbe Health & Welfare*, 657 F.3d at 506 (quoting *Quinn*, 161 F.3d at 478). The losing party's position was substantially justified if it was justified to a degree that could satisfy a "reasonable person." *Kolbe Health & Welfare*, 657 F.3d at 506 (quoting *Quinn*, 161 F.3d at 478).

Here, Defendant's coverage position was substantially justified and taken in good faith. Although Defendant did not ultimately prevail, this Court credited Defendant's medical evidence that Plaintiff was theoretically capable of working and rejected Plaintiff's response that he was not capable of working. *Halley*, 2015 WL 5731853, at *9-12. Based on the medical evidence, Defendant's vocational expert, James Thompson, a Clinical Research Coordinator at Coventry Health Care, concluded that four "reasonable occupations" were available to Plaintiff. *Id.* at *5. In preparing his analysis, Thompson conducted a detailed investigation. Thompson (1) telephonically interviewed Plaintiff; (2) reviewed Dr. Herbert White's IME Report and documentation of Plaintiff's work history and education; and (3) researched comparable occupations. *Id.* Thompson, who is an outside expert, thus gave Defendant a reasonable basis for denying coverage. And had this Court agreed with Thompson, Defendant may have prevailed.

4

Upon a close parsing of the record, however, this Court concluded that there were two tacit flaws in Thompson's analysis that excluded those job categories. *Id.* at *12-14. Thompson failed to fully consider, first, the hours limitation on Plaintiff's ability to work, and, second, that while Dr. White released Plaintiff for "sedentary" work, Dr. White's use of the word "sedentary" was not coextensive with the Dictionary of Occupational Titles' use of the same word. *Id.* These subtle, yet significant, flaws in Thompson's analysis do not show that Defendant was out to harass Plaintiff or that Defendant lacked a good faith basis to deny coverage. To the contrary, this Court concluded that Plaintiff is, in fact, theoretically capable of working. *Id.* at *12, 15. Although that was not enough for Defendant to prevail, it does mean that an award is Plaintiff's attorney's fees is not warranted in this case.

## II. Conclusion

For these reasons, Plaintiff is entitled to judgment in his favor and against the Defendant, and he is due the following:

1. This Court awards Plaintiff long-term disability benefits from February 1, 2013 to December 1, 2015 in the agreed amount of $170,098.60.

2. This Court awards Plaintiff prejudgment interest from February 1, 2013 to December 1, 2015 in the agreed amount of $12,000.00.

3. The Court awards Plaintiff costs in the agreed amount of $827.79.

Dated: January 14, 2016

Entered:

John Robert Blakey
United States District Judge